UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEAN DARRELL KULM,

    Plaintiff,

v.                                         Case No. 18-CV-944

NANETTE M. KULM,

    Defendant.

## DECISION AND ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Dean Darrell Kulm sues his former wife, Nanette M. Kulm, alleging that she fraudulently signed his name to an "Application/Promissory Note" for a student loan that she later defaulted on.[1] Dean moves for partial summary judgment, requesting a finding that he did not sign the document at issue in this case. For the reasons explained below, the plaintiff's motion is denied.

## FACTS

Dean and Nanette Kulm married on June 11, 1988. (Supplemental Affidavit of Dean Darrell Kulm ("Pl.'s Supp. Aff.") ¶ 2, Docket # 50; Affidavit of Nanette Kulm in Opposition to Plaintiff's Motion for Summary Judgment ("Def.'s Aff.") ¶ 2, Docket # 47.) Dean and Nanette divorced in 2007. (Plaintiff's Proposed Findings of Fact ("PPFOF") ¶ 2, Docket # 44; Def.'s Aff. ¶ 12.) The document at the heart of this case is a form entitled "Application/Promissory Note," dated December 12, 1998, that purportedly bears the signatures of both Dean and Nanette. (Declaration of Dean Kulm ("Pl.'s Decl.") ¶ 5, Ex. B,

---

[1] For ease of reference, I will refer to the parties by their first names "Dean" and "Nanette."

Docket # 45-2.) The parties dispute both the nature of the application and whether Dean in fact signed it. Dean asserts that Nanette obtained a loan and borrowed funds for her own education, and then later failed to make the required payments. (*Id.* ¶ 6.) Dean claims that he did not sign the document and was completely unaware of this loan until approximately September 2015, when the loan went into default and the lender notified him that he was pursuing Dean for collection. (*Id.* ¶¶ 6–8; Second Am. Compl. ¶¶ 26–27.) Nanette, on the other hand, asserts that she and Dean jointly applied on December 12, 1998 to consolidate their individual student loans. (Def.'s Aff. ¶ 4.) She asserts that she did not receive any money as a result of the application because the application was for a loan consolidation, not a request for monies. (*Id.* ¶ 9.) Nanette further contends that Dean filled out the application himself and she observed Dean sign the document. (*Id.* ¶¶ 6, 8.)

## SUMMARY JUDGMENT STANDARD

Pursuant to Fed. R. Civ. P. 56(a), a party can seek summary judgment upon all or any part of a claim or defense asserted. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. The mere existence of some factual dispute does not defeat a summary judgment motion. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* To survive summary judgment, a party cannot rely on his pleadings and "must set forth specific facts showing that there is a genuine issue for trial." *Id.* "In

short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Services, Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)). In evaluating a motion for summary judgment, I must draw all inferences in a light most favorable to the nonmovant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

I must also view the evidence presented through the prism of the substantive evidentiary burden. *Anderson*, 477 U.S. at 254. Where, as here, the party moving for summary judgment also bears the burden of persuasion at trial (i.e., because the movant is the plaintiff), the movant must establish each and every essential element of his claim. *See McKinney v. Am. River Transp. Co.*, 954 F. Supp. 2d 799, 803 (S.D. Ill. 2013) (citing *Celotex*, 477 U.S. at 32); *see also Lewis v. Kordus*, No. 09-CV-138, 2010 WL 3700020, at *1 (E.D. Wis. Sept. 14, 2010) ("[W]here the moving party bears the burden of proof at trial, he can prevail only by proving every element of his case with evidence so compelling that no reasonable jury could return a verdict for the non-moving party."). This differs from the usual summary judgment motion filed by a defendant (who does not bear the ultimate burden of persuasion at trial), who can prevail just by showing an absence of evidence to support any essential element of the non-movant's case. *See Modrowski v. Pigatto*, 712 F.3d 1166, 1169 (7th Cir. 2013).

## ANALYSIS

Dean argues that he presents a very simple question to the Court—did someone, other than Dean, sign Dean's name to the Application/Promissory Note? (Pl.'s Reply Br. at 1, Docket # 48.) Dean alleges that Nanette, in fact, signed his name to the

3

Application/Promissory Note and sues her for intentional misrepresentation and fraud. (Second Am. Compl., Claims Two and Three.) Dean asserts, however, that at this juncture, he does not request a determination that Nanette signed Dean's name to the Note, acknowledging that this issue "would appear to be fact bound and not resolvable on summary judgment." (Pl.'s Br. at 4, Docket # 43.) Rather, Dean seeks a judicial determination that he did not sign the document in question and thus is not legally obligated to repay the Note. (Second Am. Compl., Claim One.)

Dean argues that all one needs to resolve this issue is to look at his purported signature on the Application/Promissory Note, and compare it to samples of Dean's signature provided to the Court as attachments to his affidavit. (Pl.'s Reply Br. at 1.) He argues that if one makes that comparison, "any reasonable person must come to the conclusion that the signature of Plaintiff on the *Application/Promissory Note* is not Plaintiff's signature." (*Id.*) Dean argues that any assertions by Nanette to the contrary are self-serving and unreliable. (*Id.* at 2.)

But what Dean presents in his motion is a quintessential question of fact that cannot be resolved on summary judgment. Dean contends that he did not sign the document at issue; Nanette claims that he did. In support of his motion, Dean presents his own affidavit in which he avers that he "was in no manner or way involved with said *Application/Promissory Note*," "did not fill in any of the blanks on said *Application/Promissory Note*," and "did not sign said *Application/Promissory Note*." (Pl.'s Supp. Aff. ¶¶ 6–8.) Dean avers that the only "genuine signature" on the document is that of his former wife, Nanette. (*Id.* ¶ 9.) In opposition to Dean's motion, Nanette provides her own affidavit, in which she avers that she and Dean jointly applied to Sallie Mae to consolidate each of their individual

4

student loans, that five of the loans listed on the application were Dean's (as evidenced by his social security number), that Dean completed the entire application himself except for Nanette's signature, and that she witnessed Dean sign the document. (Def.'s Aff. ¶¶ 4–8.)

While Dean argues that Nanette's statements are self-serving and unreliable, this is a determination to be made by the finder of fact at trial, not by the Court on summary judgment. Dean contends that all one needs to determine whether his signature was in fact a forgery is the naked eye—just look at them, don't they look different? But the analysis is not as simple as Dean contends. To begin, Nanette argues that a determination of forgery is "impossible" without expert testimony. (Def.'s Br. in Opp. at 6, Docket # 46.) This is inaccurate. The Federal Rules of Evidence permit lay testimony concerning disputed handwriting samples. *Deputy v. Lehman Bros.*, 345 F.3d 494, 509 n.6 (7th Cir. 2003). Specifically Rule 901(b)(2) provides that a "nonexpert" may testify that "handwriting is genuine, based on a familiarity with it that was not acquired for the current litigation." *Id.* While Dean contends that Rule 901(b)(2) would allow him to identify his own signature and testify as to whether the signature on the pertinent document is in fact his (Pl.'s Reply Br. at 5), Rule 901(b)(2) would similarly allow Nanette to testify to the contrary. After all, she avers that she witnessed Dean sign the document (Def.'s Aff. ¶ 6) and given their former marital relationship, likely has sufficient familiarity with his signature to properly identify it under Rule 901(b)(2).

Thus, given the evidence before me, I cannot determine whether Dean's signature is a forgery on the document in question by simply eyeballing purported examples of his signature on various documents. Rather, each party must present their evidence at trial. Only after hearing all of the evidence can the fact finder properly determine whether Dean's

signature on the document in question is, in fact, a forgery. In sum, because disputes of material fact exist as to whether Dean's signature on the *Application/Promissory Note* is a forgery, the motion for partial summary judgment is denied.

### ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's motion for partial summary judgment (Docket # 42) is **DENIED**. The Clerk's Office will contact the parties for further scheduling in this case. Additionally, prior to the scheduling conference, the parties must confer about available trial dates.

Dated at Milwaukee, Wisconsin this 6th day of April, 2022.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge